UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ROBINSON STEEL CO., INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:10-CV-438-JTM-PRC |
| | ) | |
| CATERPILLAR, INC., | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Caterpillar Inc.'s Third Motion to Compel [DE 87], filed by Defendant Caterpillar, Inc. ("Caterpillar") on June 20, 2012. Plaintiff Robinson Steel Company ("Robinson") filed a Response on July 6, 2012, and Caterpillar filed its Reply on July 12, 2012.

In 2008, Robinson sold coil steel to Caterpillar. One of Robinson's chief contentions in this litigation is that it suffered damages as a result of procuring steel on the spot market to meet Caterpillar's supply needs in 2008. United States Steel Corporation ("U.S. Steel") supplied all of the steel that Robinson purchased and delivered to Caterpillar. An agreement between Robinson and U.S. Steel, which Robinson disclosed to Caterpillar during discovery, provides that Robinson could obtain 3000 tons of steel from U.S. Steel each month in 2008 at a fixed price that was well below spot market prices. Caterpillar's contracted steel allotment from Robinson consisted of 2,017 tons per month; the U.S. Steel agreement did not disclose how the remaining 913 tons per month were distributed by Robinson. Robinson has alleged that, because Caterpillar required steel in excess of its contractual allotment in certain months in 2008, Robinson had to procure steel on the spot market at a higher cost to fill the orders of both Caterpillar and/or another unnamed Original

1

Equipment Manufacturer ("OEM") (identified by Robinson in discovery as "Customer XYZ"). Pl. Resp. at 9-10. Furthermore, Robinson stated that it may have delivered the steel it procured on the spot market to the unnamed OEM and used the steel originally allocated to the unnamed OEM to fill Caterpillar's order. *Id*.

To evaluate the validity of Robinson's allegations, Caterpillar sent Robinson a Third Set of Interrogatories and a Fourth Set of Document Requests regarding Robinson's interactions with other OEMs. Robinson objects to both the interrogatories and document requests on a variety of grounds. Therefore, Caterpillar has filed the instant motion, requesting that the Court order Robinson to fully respond to the following interrogatories and document requests:

> [1] Interrogatory No. 1. Identify each and every "OEM," [as defined in connection with the U.S. Steel Agreement].
>
> [2] Interrogatory No. 2. For each "OEM" . . . identify each and every purchase of steel by that OEM from Robinson in 2008, including for each such separate quantity of steel purchased from Robinson, the date of purchase, the shipment date, weight purchased, weight invoiced, purchase price, cost to Robinson of the steel, heat number, purchase order number and invoice number.
>
> [3] Document Request No. 1. All documents relating to the steel Robinson procured in 2008 for each "OEM," . . . , including, without limitation, documents reflecting each separate quantity procured, how much Robinson paid for each separate quantity procured, the date Robinson procured the steel, the date Robinson shipped the steel, heat data for each separate quantity procured, and how much each OEM paid for each separate quantity procured.
>
> [4] Document Request No. 2. All contracts between Robinson and any OEM . . . for the purchase of steel in 2007, 2008, and/or 2009.
>
> [5] Document Request No. 3. All documents relating to any contract between Robinson and any OEM . . . for the

>>purchase of steel in 2008, including, without limitation, any communications or negotiations relating to such contracts.

>[6]　Document Request No. 4. All documents relating to any communication between Robinson and any OEM . . . for the purchase of steel in 2008.

Def. Br. 3-4, Exhs. B, C.

Robinson provided the following objection, or a similar objection, to each of Caterpillar's requests:

>Robinson objects to [the request] as overly broad, unduly burdensome and as seeking information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Robinson further objects to [the request] as seeking information that is confidential, proprietary or otherwise sensitive and has no bearing on the issues in this litigation.

Def. Br., Exh. D-E (Robinson's Response to Caterpillar's Third Set of Interrogatories; Robinson's Response to Caterpillar's Fourth Set of Document Requests). In its Response Brief, Robinson argues that Caterpillar seeks proprietary and confidential information and only does so "because it desires to learn . . . about [Robinson's] competitors and fellow steel consumers, including the prices they paid for such steel." Pl. Resp., p. 1.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, it provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

3

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses.  *See* Fed. R. Civ. P. 37(a).  A party objecting to the discovery request bears the burden of showing why the request is improper.  *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008).  The Court has broad discretion when deciding whether to compel discovery.  *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

In the case at bar, the Court finds that Caterpillar is entitled to limited discovery of information and documents pertaining to other OEMs in the CAT/OEM program that are the subject of the Robinson/U.S. Steel agreement.  The Court deems relevant any information regarding how many other OEMs Plaintiff distributed steel to, how much steel each other company used in comparison to its monthly allotment, what price each company paid for its steel in 2008, and other related information sought by Caterpillar in Interrogatory No. 2 and Document Requests 1-4 (i.e. date of purchase, shipment date, weight purchased, weight invoiced, purchase price, cost to Robinson of the steel, heat number, purchase order number, and invoice number).

To the extent that Caterpillar seeks the actual identities of the other OEMs, given Robinson's concerns about disclosing the names of its former clients, the Court finds that Robinson is not required to disclose the names and identifying information of the OEMs and may redact each companies' identifying information from all documents produced.  However, Robinson must then re-identify each OEM by a new naming system such as Company A, Company B, etc.  The same confidential name shall be used for a given company consistently throughout these discovery responses.

Regarding Document Request No. 2, the Court finds that only the purchase contracts from 2007 and 2008 are relevant for purposes of discovery. Obtaining each OEM's monthly allotment and how much steel each OEM actually used each month would likely assist Caterpillar in assessing and comparing the numbers related to Robinson's claims, especially considering Robinson's allegation that it had to procure extra steel at a higher price to satisfy its other orders when Caterpillar exceeded its monthly allotments. The parties entered into their agreement for the pricing and monthly allotment of steel in November 2007. Therefore, 2007 agreements between Robinson and other OEMs may shed some light on how the remaining 913 tons of steel per month were distributed throughout 2008. The 2008 contracts are relevant for the same reason. As for the 2009 contracts, Caterpillar has failed to inform the Court as to the relevancy of such contracts. As a result, Robinson must provide documents responsive to Document Request No. 2 for 2007 and 2008 but not for 2009.

The Court recognizes Robinson's argument that some of the documents sought in Document Request No. 1 and information sought in Interrogatory No. 2 are not accessible. To the extent that such documents and information are not accessible, Robinson shall respond to each request with a specific explanation as to why a given set of documents is not accessible or why Robinson cannot provide certain information in response to an interrogatory. *See Burkybile v. Mitsubishi Motors Corp.*, 04 C 4932, 2006 WL 2325506, \*6 (N.D. Ill. Aug. 2, 2006) (explaining that the objecting party's "burden cannot be met by a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.") (internal quotation marks omitted).

Accordingly, Robinson must respond to the Interrogatories No. 1 and 2 of Caterpillar's Third Set of Interrogatories and Document Requests No. 1-4 of Caterpillar's Fourth Set of Document Requests, subject to the limitations set forth herein.

## CONCLUSION

For the foregoing reasons, the Court here by **GRANTS in part and DENIES in part** Defendant's Third Motion to Compel [DE 87]. The Court **ORDERS** Robinson to respond to the outstanding discovery on or before **August 30, 2012**.

SO ORDERED this 31st day of July, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record