**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ROBINSON STEEL CO., INC., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CV-438-JTM-PRC |
| ) | |
| CATERPILLAR, INC., ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant Caterpillar Inc.'s Motion for Protective Order [DE 110], filed on October 18, 2012. Caterpillar seeks a protective order barring Plaintiff Robinson Steel Co., Inc., from pursuing third-party discovery from seven non-party steel suppliers. Robinson filed a response on October 29, 2012, and Caterpillar filed a reply on November 1, 2012. In addition, third-party subpoena recipient ArcelorMittal USA LLC filed a joinder to Caterpillar's Motion on October 22, 2012, and a reply in support of Caterpillar's Motion on November 1, 2012.

**BACKGROUND**

Robinson specialized in procuring, processing, and selling steel to manufacturers, and Robinson supplied steel to Caterpillar for nearly 20 years. Robinson asserts that at the end of each calendar year, an agreement was reached for the next calendar year regarding the amount of steel that Robinson committed to supply Caterpillar and the price Caterpillar agreed to pay for that steel. The lawsuit alleges that in 2008, Caterpillar ordered steel in excess of its monthly allotment, and that Robinson and Caterpillar had negotiated an agreement whereby the price Caterpillar would pay for excess tonnage would be based on the CRU Index, an industry-recognized steel pricing index.

Caterpillar represents that at the end of 2007 it provided an estimate for the amount of steel

it planned to order from Robinson in 2008, but that the estimate was not a binding contract and Caterpillar placed orders for steel from Robinson by issuing purchase orders reflecting the amounts of steel being ordered and the agreed-upon price.

In its Complaint filed November 2, 2010, Robinson asserts claims of breach of contract, promissory estoppel, fraudulent misrepresentation, constructive fraud, unjust enrichment, and violation of Indiana's deception and criminal mischief statutes.

On October 30, 2012, the Court granted stayed third-party discovery pending the resolution of the instant Motion. On November 15, 2012, in a hearing on a different motion, the parties requested that the deadline for conducting third-party discovery, which otherwise would expire on November 30, 2012, be extended if the instant Motion for Protective Order is denied.

**ANALYSIS**

Robinson seeks to subpoena third party steel suppliers who Robinson believes may have had contractual arrangements with Caterpillar to purchase steel in 2007 or 2008. Caterpillar argues that it can demonstrate good cause for a protective order barring the subpoenas.

The scope of material obtainable pursuant to a subpoena is as broad as what is otherwise permitted under the federal discovery rules. *Teton Homes Europe v. Forks RV*, Cause No. 1:10-CV-33, 2010 WL 3715566, *2 (N.D. Ind. Sept. 14, 2010). Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, the scope is not limitless, and the Rules provide that the Court *must* limit the extent of discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)

Under Federal Rule of Civil Procedure 26(c)(1), upon motion by a party "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). A district court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). Rule 26(c)(1) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding 'annoyance, embarrassment, oppression, or undue burden or expense . . . .'" *Id*. at 554. The party seeking the protective order has the burden of showing that good cause exists for it, which requires that the "party must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Id*. (quoting *Wilson v. Olathe Bank*, 184 F.R.D. 395, 397 (D. Kan. 1999) and *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981))(internal quotations, other citations omitted).

Caterpillar argues that Robinson could have obtained the information through party discovery the information it now seeks through third party subpoenas. As described above, Federal Rule 26 instructs the Court to limit discovery if it "can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if "the party seeking discovery has had

ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i) and (ii).

Caterpillar asserts that Robinson sought information about Caterpillar's relationships with other steel suppliers at the beginning of discovery. Caterpillar objected to the requests, and the parties came to an agreement whereby Caterpillar produced documents showing negotiations and price and quantity terms for the purchase of steel from the two other steel suppliers that, along with Robinson, provided the vast majority of the steel Caterpillar purchased in 2008. Caterpillar also produced documents showing the terms of Caterpillar's steel purchases that included reference to CRU. Caterpillar represents that in the more than a year since this agreement was reached, Robinson has not attempted to re-open discussions about additional party discovery. Robinson asserts that it did not ever agree not to pursue third party discovery and that its discovery agreements with Caterpillar were limited in scope. It also indicates that it did not know of the need to obtain this additional information until late in the discovery process. However, Robinson does not assert that it attempted to obtain the requested information from Caterpillar before seeking the third party subpoenas, or that the discovery it is now seeking could not be obtained from Caterpillar at less expense and burden than through the third party subpoenas. Robinson merely argues that it has the right to seek information from third parties.

Caterpillar also argues that the burden and expense of the subpoenas outweighs the benefit. It argues that Robinson's requests, even if limited to four depositions, would still require Caterpillar to participate in additional depositions across multiple jurisdictions. Furthermore, it notes that the subpoenas place extensive burdens on the third parties, and argues that it would have been less burdensome both for Caterpillar and the third parties had Robinson first requested the information

4

from Caterpillar.

Robinson argues that it has already agreed to limit several of the subpoenas, so the number of depositions are fewer than initially requested and the accompanying burden on Caterpillar would be minimal. It also argues that it narrowly tailored the subpoenas to limit the burden on the third parties, and that Caterpillar lacks standing to assert an objection on behalf of the third-party subpoena recipients regarding their burden. However, third-party subpoena recipient ArcelorMittal filed a brief joining in Caterpillar's Motion. It asserts that responding to the subpoena will be costly as the requests are far from narrowly tailored or limited. The subpoena encompasses not only the complex relationship between Caterpillar and ArcelorMittal but also the relationships between ArcelorMittal and other steel consumers, requesting that the steel companies provide commercially sensitive and confidential information to a business competitor. In addition, ArcelorMittal notes that, despite Robinson's request to depose it on the general nature of its contractual agreements with large steel companies, ArcelorMittal does not consider there to be any "general nature" of the agreements, as each contract is the product of specific agreements between the parties.

It appears to the Court that much of the information Robinson is seeking through the third-party subpoena could have been obtained through party discovery at less inconvenience, burden, and expense to the parties and to third parties, and that Robinson did not attempt to obtain the information by discovery in the action before issuing the subpoenas. Although no motion to quash the subpoenas has been filed, the Court notes its additional responsibility to "quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). There are several factors that may be weighed in determining whether a subpoena is unduly burdensome, "including relevance, the need of the party for the documents, the breadth of the document request,

the time period covered by it, the particularity with which the documents are requested, and the burden imposed." *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-896 (S.D. Ind. 2006). In addition to those factors, "non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a Rule 45 motion." *Id*. In this case, the subpoenas request information about not only the relationship between the third party suppliers and Caterpillar, but also information about the suppliers and other large steel consumers. These requests to non-parties are not made with particularity and request sensitive business information. Accordingly, the Court finds good cause to limit the discovery and will bar Robinson's third party subpoenas.

Caterpillar requests that the Court award its reasonable expenses incurred in making the instant Motion. Under Rule 37, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). The Court notes that this was not a motion to compel brought under Rule 37, but rather a motion to limit discovery under Rule 26, and finds that an award of expenses would be unjust in the circumstances.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Defendant Caterpillar Inc.'s Motion for Protective Order [DE 110] and **ORDERS** that Plaintiff Robinson Steel Co., Inc.'s third-party subpoenas are **BARRED**.

The Court **DENIES** Plaintiff Robinson Steel Co., Inc.'s oral Motion for an extension of the

discovery deadline.

SO ORDERED this 21st day of November, 2012.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record